**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CALVIN VANDERGRIFF**                                                            **PLAINTIFF**

**V.                    CASE NO.: 1:10CV00105 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                   **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

Plaintiff Calvin Vandergriff appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI of the Act.  For the following reasons, the decision of the Commissioner is AFFIRMED.

**I.    Background:**

On August 16, 2007, Mr. Vandergriff filed for DIB and SSI, claiming disability since July 16, 2007, due to diabetes and slurred speech.  (Tr. 83, 91, 104)  After denials initially and upon reconsideration, Mr. Vandergriff requested a hearing before an Administrative Law Judge ("ALJ").[1]  A hearing was held on September 29, 2009, at which Mr. Vandergriff appeared with his attorney and testified.  (Tr. 19-34)

The ALJ issued a decision on January 12, 2010, finding that Mr. Vandergriff was not disabled under the Act.  (Tr. 8-15)  On November 19, 2010, the Appeals Council

---

[1] The Honorable Gary R. Shelton.

denied his request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

At the time of the hearing before the ALJ, Mr. Vandergriff was thirty-eight years old. (Tr. 22) He had a high school education, earned primarily through special education classes, and a Commercial Driver's License ("CDL"). (Tr. 22-23) Mr. Vandergriff had past relevant work as a truck driver and farm laborer. (Tr. 23, 105, 120-127)

## II.     Decision of the Administrative Law Judge:

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work[2]; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

The ALJ found that Mr. Vandergriff had not engaged in substantial gainful activity since the beginning of 2009. (Tr. 10, 14) Mr. Vandergriff had engaged in substantial

---

[2] If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

gainful activity in 2007 and 2008. (Tr. 10, 14, 94-97, 99) As a result, he was not eligible for DIB or SSI for those years. 20 C.F.R. §§ 404.1520(b), 416.920(b).

The ALJ found that Mr. Vandergriff's diabetes mellitus was a severe impairment, but his slurred speech (congenital cleft palate defect) and left hand pain were not severe impairments. (Tr. 10-11) The ALJ also found that Mr. Vandergriff did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1526, 416.926). (Tr. 21)

The ALJ determined that Mr. Vandergriff retained the residual functional capacity ("RFC") to perform the full range of medium work activity.[3] (Tr. 11-15) At step four, the ALJ determined Mr. Vandergriff could perform his past relevant work as a truck driver. (Tr. 15) Accordingly, the ALJ concluded Mr. Vandergriff was not disabled within the meaning of the Act. (Tr. 15)

### III.   Analysis:

Mr. Vandergriff claims the findings of the ALJ are not supported by substantial evidence because: (1) the ALJ failed to assess Mr. Vandergriff's nonexertional limitations; (2) Mr. Vandergriff's impairments met listing requirements under 20 C.F.R. Part 404, Subpart P, Appendix 1; and (3) the ALJ erred in finding Mr. Vandergriff

---

[3] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

capable of performing his past relevant work.[4] (#12, p. 10-16) The Commissioner argues that substantial evidence supports the ALJ's finding that Mr. Vandergriff was not disabled. (#14, p. 4-13)

    A.    *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Johnson v. Astrue*, 627 F.3d 316, 319 (8th Cir. 2010); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision. But the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)(quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

---

[4] It was not easy to precisely ascertain Mr. Vandergriff's arguments for reversal from his brief. (#12) Numerous sections of the brief were irrelevant when considering the findings in this case. Several comments appearing to raise various issues were random, unsupported by citation to the record, and bereft of legal argument. There were several glaring "cut and paste" errors which cursory proofreading would have detected. The brief also identified Mr. Vandergriff as "her" at least six times when specifically referring to him. This brief was not helpful to Mr. Vandergriff. In fact, it is perilously close to falling below an acceptable level. Regardless, the Court has thoroughly reviewed the record and has tried to give Mr. Vandergriff benefit the brief did not provide.

B.  *Severe Impairments and Residual Functional Capacity*

Mr. Vandergriff stated that his alleged headaches, dizziness, neuropathy, left knee pain, fatigue, polyuria, cleft palate, blurred vision, syncope, and shortness of breath were either nonexertional impairments, or alternatively, nonexertional limitations. (#12, p. 10-11)  For support, he cited a page in the record noting a single episode of each. (#12, p. 10)  The only citation in Mr. Vandergriff's brief supporting the alleged blurred vision, syncope, and shortness of breath (Tr. 201) was to an emergency room visit when he was suffering from pneumonia. (Tr. 198-214)  The citation for headaches, dizziness, fatigue, and polyuria relate to the first month of his treatment for diabetes, when his condition was "uncontrolled." (Tr. 153, 156)  The citation for neuropathy and left knee pain references part of Mr. Vandergriff's testimony during the administrative hearing. (Tr. 33)

The limited medical record shows that Mr. Vandergriff was a slightly obese diabetic who did not consistently take prescribed medications, engage in recommended exercise, or comply with dietary restrictions. (Tr. 146-170, 180-191, 198-222)  He alleged at the hearing that he could not afford prescribed medications, yet was consistently able to afford his long-term, one-pack-per-day smoking habit.

The ALJ ultimately found that Mr. Vandergriff's diabetes was a severe impairment, but that he retained the RFC to perform medium work activity.  The ALJ found little support for the additional alleged impairments.  His findings are supported by substantial evidence in the record.

A physical examination taken for Mr. Vandergriff's CDL on May 10, 2007, found evidence of sugar in his urine. (Tr. 164) Mr. Vandergriff followed up with a physician, as required for his CDL, and he was diagnosed with diabetes on May 11, 2007. (Tr. 165) Mr. Vandergriff's diabetes was "uncontrolled" at three doctor visits in July, but "better controlled" by September, 2007. (Tr. 151, 153, 157, 187) During this time, even when his diabetes was uncontrolled, Mr. Vandergriff was able to continue his job as a truck driver.

On September 7, 2007, Dr. Jerry Mann completed a physical residual functional capacity assessment regarding Mr. Vandergriff's ability to perform work. (Tr. 171-178) Dr. Mann found that despite diabetes, Mr. Vandergriff could perform work activity consistent with medium exertional work. (Tr. 172) Dr. Mann did not find evidence of any postural, manipulative, visual, communicative, or environmental limitations (Tr. 173-175)

Mr. Vandergriff returned to his physician on January 2, 2008, and his diabetes showed improved control with daily medication. (Tr. 181) At a physical examination for his CDL on March 25, 2008, a physician noted that Mr. Vandergriff had good control of his non-insulin-dependent diabetes. (Tr. 218-220) The physician found that Mr. Vandergriff met the medical standards for a two year certificate for his CDL, a necessary licensure for Mr. Vandergriff to drive trucks. (Tr. 219) At the physical examination, Mr. Vandergriff had no abnormalities in his eyes, extremities, or neurological system. (Tr. 219)

Mr. Vandergriff went to the emergency room on October 30, 2008, complaining of headache, blurred vision, and syncope. (Tr. 198-214) The clinical impression was pneumonia. (Tr. 199) He had a minimal headache and was advised not to drive for the next few days. (Tr. 199) The physician counseled Mr. Vandergriff to return for treatment if he had additional headaches, blurry vision, syncope, or shortness of breath. (Tr. 201) The physician released Mr. Vandergriff to work on November 2, 2008, if asymptomatic. (Tr. 201) The records do not show that Mr. Vandergriff sought any treatment for headaches, blurry vision, syncope, or shortness of breath after this one emergency room visit.

Mr. Vandergriff saw a physician again in March of 2009, and in June of 2009. (Tr. 216-217, 221-222) In March, his diabetes was fairly controlled, and a physical examination was normal. (Tr. 216) In June, Mr. Vandergriff saw a new physician for diabetes medication only. Besides diabetes, he had no other problems or abnormalities. (Tr. 221)

The ALJ bears the primary responsibility for assessing a claimant's RFC. *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010). It is the claimant's burden, however, to prove RFC. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). Mr. Vandergriff has not shown that any of his alleged nonexertional limitations or impairments would limit him beyond medium work. Despite Mr. Vandergriff's diabetes, a state physician found he could perform medium work. Numerous physical examinations showed no abnormalities beyond diabetes and mild obesity. (Tr. 148, 151,

157, 160, 164, 181, 184, 187, 190, 199, 216, 218, 219, 221)  Mr. Vandergriff was also able to work at a substantial gainful level for more than a year with his alleged disabling diabetes.  See *Goff*, 421 F.3d at 792 (claimant's ability to work in the past with alleged impairments demonstrated they were not disabling).  Additional limitations from alleged headaches, dizziness, neuropathy, left knee pain, fatigue, polyuria, cleft palate, blurred vision, syncope, and shortness of breath are simply not supported by the record.

   C.   *Impairment Listing*

The ALJ found that Mr. Vandergriff did not meet or equal the Listing requirements for a presumptive disability.  (Tr. 11)  Mr. Vandergriff argues that he met Listing 9.08 for diabetes mellitus.  (#12, p. 11-14)

A claimant has the burden of proving that an impairment, or combination of impairments, meets or equals a Listing.  *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).  "To meet a listing, an impairment must meet all of the listing's specified criteria."  *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010) (citing references omitted).

In order to meet Listing 9.08 for diabetes mellitus, Ms. Vandergriff had to prove he suffered significant and persistent neuropathy in two extremities, acidosis documented by blood chemical tests, or medically documented retinitis proliferans.  Instead of medical evidence, Mr. Vandergriff quotes his own testimony exclusively to support the argument that he met Listing 9.08.  (#12, p. 12-13)

For good reasons, the ALJ found Mr. Vandergriff's testimony less than fully credible.[5] Regardless of credibility, Mr. Vandergriff's testimony does not constitute the blood chemical tests required to show acidosis. The many physical examinations noting normal extremity and neurological function foreclose a finding that Mr. Vandergriff met the neuropathy-related Listing requirements. (Tr. 148, 151, 157, 160, 164, 181, 184, 187, 190, 199, 216, 219, 221) Multiple examinations also failed to document any eye irregularities to support retinitis proliferans. (Tr. 151, 160, 163, 164, 199, 216, 218, 219)

The argument that Mr. Vandergriff met Listing 9.08 is entirely unsupported by the record. The ALJ did not err, therefore, in finding that Mr. Vandergriff did not have an impairment or combination of impairments that met or equaled a Listing.

D.   *Past Relevant Work*

The ALJ found at step four that Mr. Vandergriff could perform past relevant work as a truck driver. (Tr. 15) Mr. Vandergriff worked as a truck driver for over a year after he says he became disabled. In testimony, he seemed to indicate that he could work as a truck driver if he were on a medicine regimen. (Tr. 28) Mr. Vandergriff also testified that he had continued to apply for truck driver positions despite his alleged disability. (Tr. 31) He now argues, however, that the ALJ erred in finding him capable of performing the past work he was attempting to procure. (#12, p. 14-16)

---

[5] The ALJ adequately discussed and evaluated the credibility of Mr. Vandergriff's subjective complaints. (Tr. 12-14)

On its face, an argument that a person cannot drive trucks with dizziness, neuropathy, blurred vision, and syncope appears axiomatic. Repeated physical examinations, however, reveal no evidence of dizziness, neurological problems, vision problems, or syncope. (Tr. 148, 151, 157, 160, 164, 181, 184, 187, 190, 199, 216, 219, 221) These problems were present only on that one occasion when Mr. Vandergriff was suffering from pneumonia. (Tr. 199-201) Almost a year after his alleged disability onset, Mr. Vandergriff reported a health history, confirmed upon physical examination, with no loss of consciousness, no eye disorder or impaired vision, no fainting or dizziness, and no hand, arm, foot, leg, finger, or toe impairment. (Tr. 218-219)

Mr. Vandergriff does not argue, however, that he could not drive trucks because of his alleged dizziness, neuropathy, blurred vision, and syncope. Instead, he argues that the exertional requirements of one of his past truck driving jobs precluded him from driving trucks, and argues that this past work exceeds medium exertion.[6] (#12, p. 15-16) (Tr. 124-127) Mr. Vandergriff apparently failed to notice that he performed his two most recent truck driving jobs, that he listed on the same work history form as the cited job, at the light and medium exertional levels. (Tr. 120-122)

A claimant is not disabled if he can perform the actual demands of a particular past relevant job, or the functional demands of the occupation as generally performed in the

---

[6] He also misquotes his own answers on the work history form and cites a past farm laborer job that was performed at the medium exertional level. (#12, p. 16) (Tr. 125)

national economy. *Evans v. Shalala*, 21 F.3d 832, 833-834 (8th Cir. 1994). With an RFC for medium work, Mr. Vandergriff could perform his two most recent truck driver jobs. As noted by the ALJ, he could also perform the occupation of truck driver as generally performed in the national economy. (Tr. 15) See *Id*. at 834 ("The [*Dictionary of Occupational Titles*] categorizes almost all truck-driving jobs as 'medium work.'"). Accordingly, the ALJ did not err in finding Mr. Vandergriff "not disabled" at step four of the sequential analysis. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (if the claimant has sufficient RFC to perform past relevant work, the inquiry ends and benefits are denied).

## IV.   Conclusion:

There is more than substantial evidence in the record, when considered as a whole, to support the Commissioner's determination that Calvin Vandergriff was not disabled within the meaning of the Act. Accordingly, the decision of the Commissioner is AFFIRMED. The Clerk is directed to close the case, this 21st day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE